# In the United States Court of Federal Claims

No. 25-1019C
(Filed: September 4, 2025)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LARRY GOLDEN,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

    This patent infringement case was filed on June 16, 2025. In the brief period since, it has accumulated 11 motions, 10 attributable to plaintiff, Larry Golden. Defendant has pending a motion to dismiss, which is fully briefed, and with which this order deals. Oral argument is unnecessary.

    Nine of the remaining motions initiated by plaintiff will be mooted by our granting of defendant's motion to dismiss. The exception is plaintiff's motion seeking recusal of the undersigned (ECF No. 18). We deny that motion. In sum, plaintiff contends that recusal is required based solely on plaintiff's view that the court's prior rulings favoring the government are proof of bias against plaintiff. The undersigned ruled based on the law, the pleadings and the facts, not on any underlying prejudice towards plaintiff. There is no ground for recusal. A similar denial of recusal was recently affirmed by the Federal Circuit.

    This court is familiar with Mr. Golden, having dealt with four prior patent infringement claims:

1. No. 13-307 (filed May 1, 2013) ("*Golden I*") (dismissed with prejudice, *Golden v. United States*, 156 Fed. Cl. 623, 632 (2021),

      affirmed 2022 WL 4103287, (Fed. Cir. Sept. 8, 2022));

2. No. 19-104 ("*Golden II*") (dismissed with prejudice, ECF No. 12 at 3–4 (Fed. Cl. May 14, 2009), affirmed, 955 F.3d 981, 988 (Fed. Cir. 2020));

3. No. 23-185 ("*Golden III*"), dismissed, 2023 WL 4466401, (Fed. Cl. May 30, 2023), affirmed 2023 WL 8663093, (Fed. Cir. Dec. 15, 2023));

4. No. 23-811 ("*Golden IV*") (dismissed, 171 Fed. Cl. 33 (2024), affirmed 2025 WL 900873 (Fed. Cir. Mar. 24, 2025)).

      All four suits originated in the same family of patents held by plaintiff which all deal with means for detecting chemical, radiological, and biological hazards. Mr. Golden alleges generally that the United States, through the Department of Homeland Security, has caused cell phone manufacturers to produce devices that infringe on one or more of his patents. Plaintiff was unsuccessful in his prior claims. Most recently, our decision of April 23, 2024 dismissing plaintiff's complaint for failure to state a claim due to claim preclusion was affirmed by the Federal Circuit on March 24, 2025. *Golden v. United States*, No. 2024-2256, 2025 WL 900873, (Fed. Cir. May 24, 2025).

      The present complaint, composed of 285 pages, makes two types of claims: first, that the United States has taken plaintiff's intellectual property without compensation in violation of the Fifth Amendment to the United States Constitution, and, second, that the United States has violated his patent rights. He relies for jurisdiction on 28 U.S.C. §§ 1491 and 1498. Both types of claims, related to the same family of patents, have appeared in his prior suits here.

      Defendant correctly points out in its Notice of Related Cases that there is substantial overlap between the patents relied on this action and those litigated previously. The same "multi-sensor detection" system features in all his past claims as well as his present complaint. The same products and government initiatives feature in all five complaints. Indeed, plaintiff in his current complaint asserts that the "original 'taking' . . . of Plaintiff's patented inventions without paying just compensation . . . has transpired since year 2003," and is "part of the same, continuous, never ending, 'taking' transactions." Compl. 6.

Defendant moves to dismiss, both for lack of jurisdiction and for failure to state a claim. The jurisdictional basis for the motion has two components. The first relates to the "taking" elements of the complaint. Defendant correctly points out that a patent infringement cannot be brought as a taking claim under our Tucker Act jurisdiction, as we and the Federal Circuit have previously ruled in plaintiff's cases. We have no jurisdiction of such recharacterized claims. His rights, if any, are under § 1498. *See Golden v. United States*, 955 F.3d 981, 987-88 (Fed. Cir. 2020).

The second jurisdictional deficiency of the entire complaint is that it is untimely due to the operation of the six-year limitations period. 28 U.S.C. § 2501. Any specific government infringing conduct referenced in the current complaint took place between 2003 and 2017. The entire complaint, therefore, is untimely and beyond our jurisdiction.

Even if the complaint were not untimely, we would have to dismiss it under RCFC 12(b)(6) for failure to state a claim. As defendant correctly points out, everything in the current complaint has been previously litigated to finality in four decisions of this court, all of which were affirmed on appeal. The circuit affirmed our dismissal of *Golden IV* on grounds of claim preclusion, due to the prior resolutions in *Golden I, II, and III*. *Golden*, No. 2024-2256, at *2-3 (Fed. Cir. Mar. 24, 2025). Claim preclusion applies when the parties are identical or in privity, the first suit proceeded to a final judgment on the merits, and the second claim is based on the same set of transactional facts as the first. All elements were present. *Golden IV* was, in substance, the same claim which had been previously dismissed. We find ourselves in the same situation today. Mr. Golden has refiled the same claim that we have dealt with too often in the past. We therefore grant, in the alternative, defendant's motion to dismiss for failure to state a claim.

Accordingly, the following is ordered:

1. Plaintiff's complaint is dismissed for lack of jurisdiction.

2. Alternatively, we find that, even if jurisdiction were not a bar, we would dismiss with prejudice, for failure to state a claim.

3. Plaintiff's motion requesting recusal is denied. All other pending motions are denied as moot.

4. To prevent further waste of judicial time, the clerk's office is directed to not accept any further submissions from Mr. Golden for filing in this docket other than a notice of appeal.

5. The clerk's office is directed to return unfiled any papers submitted by plaintiff which have not yet been processed for filing, including any attempts to amend the complaint, which we deem to be futile.

6. The Clerk of Court is directed to dismiss the complaint and to enter judgment accordingly. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
